IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GERALD BRITTLE,
          Plaintiff,

v.                                                Civil Action No. 3:16-cv-00908-JAG

WARNER BROS.
ENTERTAINMENT, INC., et al.,
          Defendants.

## MEMORANDUM ORDER

This case centers on the adventures of Ed and Lorraine Warren, paranormal investigators. In 1980, Gerald Brittle published a book about the Warrens, *The Demonologist*. In 2013, 2014, and 2016, *The Conjuring*, *Annabelle*, and *The Conjuring 2*, respectively, premiered in movie theaters. Brittle has sued the writers, directors, producers, and distributors of these movies for copyright infringement, among other related claims.

The defendants have filed three motions. Seven of the nine defendants have moved to dismiss for lack of personal jurisdiction. All of the defendants have moved to stay the case pending arbitration and have moved to dismiss for failure to state a claim. The Court heard arguments on these motions on August 22, 2017.

For the reasons stated from the bench at the hearing, the Court GRANTS the motion to dismiss for lack of personal jurisdiction, (Dk. No. 49), and DISMISSES the following defendants from the case: Ratpac-Dune Entertainment LLC; James Wan; Atomic Monster Inc.; Chad Hayes; Carey Hayes; David Leslie Johnson; and Gary Dauberman. The Court DENIES Brittle's request to conduct jurisdictional discovery.

The Court DENIES the motion to stay pending arbitration. (Dk. No. 46.) The decision on such a motion rests within the Court's discretion. *Am. Recovery Corp. v. Computerized*

*Thermal Imaging, Inc.*, 96 F.3d 88, 97 (4th Cir. 1996). Motions to stay pending arbitration typically arise in cases that involve both arbitrable and non-arbitrable claims. *See* 9 U.S.C. § 3; *Am. Recovery Corp.*, 96 F.3d at 96–97. As the defendants conceded at the hearing, none of the claims in this case are subject to arbitration. Accordingly, the Court will not stay this case.

Finally, as to the motion to dismiss for failure to state a claim, (Dk. No. 44), for the reasons stated from the bench at the August 22, 2017 hearing, together with the reasons stated below in this Memorandum Order, the Court GRANTS IN PART and DENIES IN PART this motion. Specifically, the Court GRANTS the motion as to the state law claims for trespass to chattel and conversion, as the Copyright Act preempts these claims. The Court also GRANTS the motion to dismiss the Lanham Act claim. Otherwise, the Court DENIES the motion to dismiss. The Court also DENIES Brittle's request for leave to amend.

## I. BACKGROUND

In 1978, Brittle and the Warrens signed a publishing deal with Prentice-Hall, Inc., for a book tentatively titled *The Demonologist*. Separately, Brittle and the Warrens entered into an agreement that set forth their understanding of their respective rights in the to-be-published book (the "Collaboration Agreement"). The Collaboration Agreement included a provision that required the unanimous consent of Brittle and the Warrens before entering into contracts regarding rights in the book. (*See* 2d Am. Compl. Ex. 2, ¶ 8.)

In 1980, Prentice-Hall published *The Demonologist*. The book told the "true story" of the Warrens. Prentice-Hall registered the copyright. The Certificate of Recordation lists Brittle as the author of *The Demonologist*, and Brittle and the Warrens as the copyright claimants, with ownership established by written agreement. (2d Am. Compl. Ex. 12.)

New Line[1] has released three movies that involve the "true stories" of the Warrens.[2] In July 2013, New Line released *The Conjuring*. *The Conjuring* tells the story of the Warrens as they assist the Perron family with an exorcism at their farmhouse in Rhode Island. In October 2014, New Line released *Annabelle*. *Annabelle* is the prequel to *The Conjuring*, and follows a creepy doll named Annabelle that appeared in the opening scenes of *The Conjuring*. In June 2016, New Line released *The Conjuring 2*. *The Conjuring 2* follows the Warrens to England to help the Hodgson family in Enfield, England. Brittle has alleged that each of these movies copy parts of *The Demonologist*.

## II. DISCUSSION

Brittle has alleged nine counts against the defendants: (1) copyright infringement for *The Conjuring*; (2) copyright infringement for *Annabelle*; (3) copyright infringement for *The Conjuring 2*; (4) trespass to chattels; (5) statutory business conspiracy; (6) conversion; (7) tortious interference with contract; (8) injunction; and (9) violation of the Lanham Act.[3]

The defendants have moved to dismiss for failure to state a claim. The Court will briefly repeat the familiar standard for such a motion, as many of the defendants' arguments have attempted to go beyond its bounds. In considering a motion to dismiss under Rule 12(b)(6), a court must accept all allegations in the complaint as true and must draw all reasonable inferences

---

[1] The Court refers to Warner Bros. Entertainment Inc. ("Warner Bros.") and New Line Production, Inc. ("New Line"), collectively as "New Line" to track the use by the parties. Warner Bros. is New Line's parent company.

[2] New Line released *Annabelle: Creation* ("*Annabelle 2*") in August 2017. The Court dismisses any claims related to this movie. *See infra* note 3.

[3] In his complaint, Brittle also mentions three future movies: *Annabelle 2*, *The Nun*, and *The Conjuring 3*. Brittle seems to seek an injunction to prevent the defendants from proceeding with these movies. As the Court noted, *Annabelle 2* premiered in theaters after the filing of the complaint, but before the August 22, 2017 hearing. At the hearing, the Court questioned whether claims based on these movies were ripe for adjudication. Brittle withdrew any claims based on those movies. Accordingly, to the extent Brittle has raised claims based on these three movies, the Court grants the defendants' motion to dismiss.

3

in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 (2007)). In reviewing motions where the defendants raise an affirmative defense for their alleged misconduct, courts may rule on the affirmative defense at the motion to dismiss stage only where the necessary facts appear on the face of the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

### *A. Copyright Claims*

To establish a claim for copyright infringement, a plaintiff must prove that he possesses a valid copyright and that the defendants copied original and protectable elements of the copyrighted work. *Copeland v. Bieber*, 789 F.3d 484, 488 (4th Cir. 2015). Taking all factual allegations and reasonable inferences in Brittle's favor, the Court finds that Brittle has stated plausible claims of copyright infringement. Brittle has a valid copyright in *The Demonologist*, and the movies (i.e., *The Conjuring*, *Annabelle*, and *The Conjuring 2*) plausibly copy some original elements from the book. The Court declines the parties' invitation to wade into the truth or falsity of the Warrens' paranormal escapades or to parse the resulting similarities between the works at this stage of the case. This type of analysis, which bears on evidence presented and factual determinations, is better suited for summary judgment or trial. *See, e.g., Feist Publ'ns,*

*Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) (summary judgment); *Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417 (4th Cir. 2010) (bench trial). Accordingly, the Court denies the defendants' motion to dismiss the copyright infringement claims for failure to state a claim.[4]

### B. State Law Claims

Brittle's state law claims fall within two categories: (1) property-based claims (i.e., trespass to chattels and conversion) and (2) contract-based claims (i.e., tortious interference with contract and statutory business conspiracy).

Looking first at the property-based claims, the Copyright Act provides for preemption of certain state law claims. *See* 17 U.S.C. § 301. The Copyright Act preempts a state law claim if the claim falls within the subject-matter of copyright, and if the claim seeks to protect rights equivalent to any exclusive rights within the scope of a federal copyright. *Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 309 (4th Cir. 2012). A right under state law is not equivalent to a right under federal copyright law if the state law claim requires "an 'extra element' that changes the nature of the state law action so that it is '*qualitatively* different from a copyright infringement claim.'" *U.S. ex rel. Berge v. Bd. of Trustees of the Univ. of Alabama*, 104 F.3d 1453, 1463 (4th Cir. 1997) (quoting *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 229–30 (4th Cir. 1993)) (emphasis in original). In this case, the two property-based claims are not qualitatively different from the copyright infringement claims. *See Berge*, 104 F.3d at 1463. Accordingly, the Court grants the motion to dismiss these claims as preempted.

---

[4] The Court also denies the motion to the extent it raises a statute of limitations defense to the copyright infringement claim based on *The Conjuring* because the necessary facts do not clearly appear on the face of the complaint. The defendants may, of course, raise this defense at another time.

Turning to the contract-based claims, the defendants argue that the appropriate statutes of limitations bar these claims. The parties dive into choice-of-law analysis in making their arguments. The Court will not grant the motion to dismiss based on the defendants' statute of limitations affirmative defense because the necessary facts do not clearly appear on the face of the complaint. Namely, the choice-of-law question requires factual development,[5] as does the question of when the claim accrued. Thus, the Court denies the motion to dismiss the contract-based claims.

### C. Lanham Act Claim

The Lanham Act prohibits false advertising. 15 U.S.C. § 1125(a). To state a claim for false advertising under the Lanham Act, the plaintiff must assert, among other elements, that he "has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products." *Design Res., Inc. v. Leather Indus. of Am.*, 789 F.3d 495, 501 (4th Cir. 2015) (citation omitted). In this case, Brittle asserts that New Line violated the Lanham Act when it represented that the movies were based on true stories.[6] Assuming the falsity of these representations, the Court does not understand how these misrepresentations injured Brittle, an author who made the same representations when he published his book. Because Brittle has failed to assert any injury resulting from the allegedly false advertising, the Court will dismiss the Lanham Act claim.

---

[5] For this reason, the Court will also not dismiss the business conspiracy claim based on New Line's argument that California law does not recognize such a claim.

[6] In the second amended complaint, Brittle also seems to assert that New Line violated the Lanham Act when it failed to give him any credit in the movies for his copyright. Brittle did not argue this theory at the hearing when he summarized his Lanham Act claim. To the extent Brittle has asserted such a claim, the Court dismisses it. *Cf. Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003).

## III. CONCLUSION

In summary, the Court:

1) GRANTS the motion to dismiss for lack of personal jurisdiction, (Dk. No. 49);

2) GRANTS IN PART and DENIES IN PART the motion to dismiss for failure to state a claim, (Dk. No. 44); and

3) DENIES the motion to stay pending arbitration, (Dk. No. 46).

In other words, this case will move forward as to the copyright claims, the business conspiracy claim, and the tortious interference with contract claim against New Line and Warner Bros.

It is so ORDERED.

Let the Clerk send a copy of this Memorandum Order to all counsel of record.

Date: August 28, 2017
Richmond, VA

/s/ John A. Gibney, Jr.
United States District Judge